# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **PHILLIP LESLIE MAXON #19708,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **NO. 3:22-cv-00813** |
| v. ) | |
| ) | **JUDGE CAMPBELL** |
| **J.D. DRIVER,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Phillip Leslie Maxon, an inmate at Rutherford County Sheriff's Office in Murfreesboro, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed as a pauper. (Doc. No. 2). The case is before the Court for initial review. For the following reasons, Plaintiff's application to proceed as a pauper will be **GRANTED** and this case will be **DISMISSED**.

### I. APPLICATION TO PROCEED AS A PAUPER

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper reflects that he cannot pay the filing fee in advance, so the application (Doc. No. 2) is **GRANTED**. Plaintiff is **ASSESSED** the $350.00 filing fee, to be paid as follows:

The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of—(A) the average monthly deposits to [the plaintiff's] account; or (B) the average monthly balance in [the plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial filing fee is fully paid, the trust account officer must withdraw from Plaintiff's account

and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. These payments must continue until the $350.00 filing fee is paid in full. *Id.* § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Rutherford County Sheriff's Office to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order. All payments made in compliance with this Order must clearly identify Plaintiff's name and the case number as shown on the first page of this Order, and must be mailed to: Clerk, U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

The Court must determine if the Complaint is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is representing himself, the Court must also hold the Complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Allegations

Plaintiff alleges that J.D. Driver—the public defender appointed to represent him in state criminal proceedings—"did not properly defend [Plaintiff] at all." (Doc. No. 1 at 5). Driver allegedly caused Plaintiff to be sent to Middle Tennessee Mental Health Institute (MTMHI) and receive an "improper evaluation." (*Id.*). As a result of this evaluation, Plaintiff was not allowed to stand trial. (*Id.*) Plaintiff maintains that Driver and the prosecutor "got together" with MTMHI

staff to give Plaintiff "a bad evaluation" because Plaintiff is suing the City of Murfreesboro in a separate case, and "the city and a public defender [are] one and the same." (*Id.* at 6). Plaintiff sues Driver, seeking compensatory damages for his time in jail and loss of property resulting from his incarceration. (*Id.* at 7).

**B. Legal Standard**

To decide if the Complaint states a claim, the Court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C. Analysis**

Plaintiff brings this case under Section 1983. (Doc. No. 1 at 1). Section 1983 allows individuals to bring civil claims based on violations of "the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). In other words, "Section 1983, by its own terms, applies only to those who act 'under color' of state law." *Weser v. Goodson*, 965 F.3d 507, 515 (6th Cir. 2020). "A plaintiff may not proceed under [Section] 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

3

The only defendant in this case is Plaintiff's public defender, J.D. Driver. As a general matter, it is well-established that public defenders do "not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Balcar v. Jefferson Cnty. Dist. Ct.*, No. 17-5402, 2017 WL 4535934, at *2 (6th Cir. Sept. 8, 2017) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). That is because, contrary to Plaintiff's allegation, public defenders and cities where they serve are *not* "one and the same." *See Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 611–12 (6th Cir. 2007) (citing *Polk Cnty.*, 454 U.S. at 319–22) ("The Supreme Court rejected the argument that a public defender is a state actor merely because he or she is an employee of the state.").

Nonetheless, liberally construing the Complaint, Plaintiff may be attempting to allege that Driver conspired with the prosecutor to secure a certain outcome of a mental health evaluation at MTMHI. And otherwise private actors can, in theory, subject themselves to liability under Section 1983 "if they willfully participate in joint action with state agents." *Weser v. Goodson*, 965 F.3d 507, 516 (6th Cir. 2020) (quoting *Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004)). But this method of alleging state action requires alleging a conspiracy, *see id.*, and "conspiracy claims must be pled with some degree of specificity." *See Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). "[V]ague and conclusory allegations unsupported by material facts [are] not [] sufficient to state such a claim under § 1983." *Id.* (quoting *Gutierrez*, 826 F.2d at 1538). Here, to the extent that Plaintiff alleges his public defender conspired with the prosecutor to have him declared unfit for trial, that allegation is entirely unsupported by any specific facts.

Plaintiff, in short, has not plausibly alleged that Driver was a state actor for the purpose of Section 1983. *See Horton v. Martin*, 137 F. App'x 773, 775–76 (6th Cir. 2005) (rejecting attempt

4

to allege state action based on factually unsupported assertion of conspiracy with state officials). And because Plaintiff has not sued a state actor, he fails to state a claim under Section 1983.

### III. CONCLUSION

For these reasons, this case is **DISMISSED** for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The Court, therefore, will not grant Plaintiff leave to proceed as a pauper on any appeal.

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE